IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL DALE LEWIS,           ) | |
| )| |
| Plaintiff,           ) | |
| ) | |
| v.           ) | Civil Action No: 1:12-CV-00314-WC |
| ) | |
| MICHAEL J. ASTRUE,           ) | |
| Commissioner of Social Security,           ) | |
| ) | |
| Defendant.           ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Unopposed Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) and Rule 58 of the Federal Rules of Civil Procedure. Def.'s Mot. To Remand (Doc. 13). The Commissioner states remand is necessary to permit further consideration of Plaintiff's claim of disability. The Commissioner further states that, upon this Court's remand, the Appeals Council will direct remand and will instruct the ALJ as follows:

(1) update the treatment evidence on the claimant's medical condition including any evidence submitted to the Appeals Council as well as Dr. Hart's report from the prior application;

(2) if warranted, obtain a consultative mental examination to clarify the severity and any associated limitations from the claimant's mental impairment;

(3) articulate how he has evaluated the severity of all medically determinable mental impairments under the special technique;

(4) articulate how he has evaluated the credibility of the claimant's subjective complaints in light of the comments above;

(5) expressly evaluate the treating, examining, and non-examining medical source opinions in the updated record and explain the reasons for the weight he gives to this opinion evidence;

(6) further consider the claimant's residual functional capacity on the updated record, citing specific evidence in support of the assessed limitations;

(7) further consider whether the claimant has past relevant work he could perform with the limitations established by the evidence;

(8) as appropriate, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base; and

(9) evaluate the effect, if any, of the claimant's subsequent allowance finding him disabled since October 16, 2010, under Title XVI.

Def.'s Mot. to Remand (Doc. 13) at 1-2.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).   The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence).

In this case, the Court finds reversal and remand necessary as Defendant concedes

reconsideration and proper application of governing law and further development of the record is appropriate.

Accordingly, upon consideration of the Unopposed Motion (Doc. 13), it is

ORDERED that the Commissioner's Motion to Remand (Doc. 13) is GRANTED; the decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in the Motion.

A separate judgment will issue.

DONE this 28th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE